JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLORES PRESS, INC., a California corporation,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>PATRICK ROBINSON, an individual; et al.,<br><br>　　　　　　Defendants. | CASE NO.  CV 15-02562-R<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

 Before the Court is Defendants' Motion to Dismiss, which was filed on May 8, 2015. (Dkt. No. 15).  Having been thoroughly briefed by both parties, this Court took the matter under submission on June 9, 2015.  (Dkt. No. 21).

 This suit arises from disputed copyrights and trademark rights in the audio and visual recordings of Dr. Gene Scott's teachings (the "Works").  (Dkt. No. 1 ¶ 14).  It is uncontested that Dr. Scott held some copyrights in these Works and held a trademark on his own name "Dr. Gene Scott" (the "Mark").  (Dkt. No. 1 ¶ 19, Ex. A).  Dr. Scott offered the works free of charge on his website.  (Dkt. No. 1 ¶ 15).  The rights to these copyrights and trademarks were allegedly bequeathed to Dr. Scott's surviving widow, Pastor Scott, who, after Dr. Scott's death, removed the Works from the website.  (Dkt. No. 1 ¶ 18). Pastor Scott allegedly granted Plaintiff Dolores Press an exclusive license to all rights in the Works.  (Dkt. No. 1 ¶ 19).

In January 2014, Defendant Robinson contacted Pastor Scott to seek permission to display the Works on the Internet. (Dkt. No. 1 at Ex. A). Pastor Scott denied Robinson permission to use the Works. (Dkt. No. 1 at Ex. B). Thereafter, Robinson and the other Defendants publically announced that they were creating their own website whereon the Works could be downloaded free of charge. (Dkt. No. 1 at Ex. C). Additionally, Defendants' website began collecting funds for a "legal battle" against Pastor Scott. (Dkt. No. 1 at Ex. D).

In response to Defendants' actions, Plaintiff Dolores Press, filed the instant action on April 7, 2015, in the Central District of California, asserting claims for copyright and trademark infringement. (Dkt. No. 1). On April 17, 2015, Doc's Dream, LLC, a defendant in the instant suit, filed a competing lawsuit in the Central District of California against Dolores Press (the "Competing Lawsuit"). (*See* Case No. CV-15-2857). The Competing Lawsuit seeks a declaratory judgment that the Works were abandoned and became part of the public domain prior to Dr. Scott's death. Defendants now seek to dismiss Plaintiff's claims for failure to state a claim or, in the alternative, pursuant to an exception to the Ninth Circuit's first-to-file rule.

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper only when a complaint exhibits either a "(1) lack of a cognizable legal theory or (2) the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). Under the heightened pleading standards of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," so that the defendant receives "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 570. A plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. The court will not accept "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ." *Id*. When considering a motion under Rule 12(b)(6), the Court must accept factual allegations in the complaint (and documents appended to and/or incorporated by reference into the complaint) as true and draw reasonable inferences in plaintiff's favor. *See id.* at 664.

To state a claim for copyright infringement, a plaintiff must allege: "(1) ownership of a

1   valid copyright, and (2) copying of constituent elements of the work that are original." *Feist*
2   *Publ'ns, Inc. v. Rural Tele. Serv. Co.,* 499 U.S. 340, 361, (1991). Although a copyright
3   infringement claim requires the copyright be registered with the Copyright Office, this does not
4   need to be pled with particularity in the complaint.  Title 17 U.S.C. § 411(a); s*ee also Leatherman*
5   *v. Tarrant Cnty Narcotics Intelligence & Coord., Unit*, 507 U.S. 163, 168 (1993) (finding only
6   fraud and mistake require particularity in the pleadings).

7   To state a claim for trademark infringement, a plaintiff must plead: (1) ownership of the
8   mark, and (2) that the defendant's unauthorized use of the mark is likely to cause confusion.
9   *Dep't of Parks & Recreation of California v. Bazaar Del Mundo, Inc.*, 448 F.3d 1118, 1124 (9th
10  Cir. 2006).  To demonstrate ownership of a trademark, a plaintiff must show that it is "either (1)
11  the owner of a federal mark registration, (2) the owner of an unregistered mark, or (3) a non-owner
12  with a cognizable interest in the allegedly infringed trademark."  *Halicki Films, LLC v. Sanderson*
13  *Sales and Marketing*, 547 F.3d 1213, 1226 (9th Cir. 2008).  Because an exclusive licensee of a
14  trademark reasonably has a cognizable interest in protecting the trademark, it follows that an
15  exclusive licensee has the statutory right to bring a cause of action for infringement of the
16  trademark.  *Id.*; *see also*, *Ultrapure Sys., Inc. v. Ham-Let Grp.,* 921 F. Supp. 659, 665 (N.D. Cal.
17  1996) (finding exclusive licensee of a trademark had standing to sue alleged infringers in its own
18  name).

19  Here, Plaintiff has not sufficiently pled ownership of the copyrights.  (*See* Dkt. No. 1 ¶¶
20  25, 46-48).  Plaintiff uses only general words to describe the copyrights allegedly bequeathed to
21  Pastor Scott.  Plaintiff has not alleged ownership of any of the actual copyrighted Works.  Instead,
22  Plaintiff proffers all-encompassing statements of ownership of every audio and video recording
23  Dr. Scott ever made.  Sweeping statements of ownership of the Works are insufficient to
24  demonstrate ownership. Indeed, it is very likely that not all of Dr. Scott's Works were copyrighted
25  and registered with the Copyright Office.  Accordingly, Plaintiff's blanket statements of
26  ownership are insufficient to support either its copyright or trademark infringement claims.

27  For the same reasons, Plaintiff has failed to allege ownership for trademark purposes in
28  this action.  *See Perfect 10, Inc. v. Visa Intern. Serv. Ass'n*, 494 F.3d 788, 808 (9th Cir. 2007).

1  **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss is GRANTED.  (Dkt.
2  No. 15).
3  Dated:  June 23,  2015.

 _____
 MANUEL L. REAL
 UNITED STATES DISTRICT JUDGE