Linda S. McAleer, SBN 249233
Law Offices of Linda S. McAleer
530 B. St., Ste. 1550
San Diego, CA 92101
Tel: 619-516-1601
Fax: 966-635-1485
linda@lindamcaleer.com

Attorney for Defendants, Patrick Robinson;
Doc's Dream, LLC; and Truth Seekers, Inc.

UNITES STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLORES PRESS, INC., a California corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>PATRICK ROBINSON, an individual; et al.,<br><br>    Defendants. | Case No.: 15-CV-02562-R-PLA<br><br>**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>Date:  April 4, 2016<br>Time:  10:00 a.m.<br>Judge:  Hon. Manuel L. Real<br>Court Rm.:  8 |

Defendants Patrick Robinson, Doc's Dream, LLC, and Truth Seekers, Inc. (collectively "Defendants") respectfully offer the following Response in Opposition to Dolores Press, Inc.'s ("Plaintiff") motion for leave to amend its complaint ("Motion"). This Court dismissed and closed Plaintiff's case (8) months ago on June 23, 2015 when it

granted Defendants' motion to dismiss the action. *See* Doc. 25, Order Granting Defendants' Motion to Dismiss ("Order"). Plaintiff filed its Motion for leave on February 23, 2016. *See* Doc. 28, Plaintiff's Motion. In support of their Response, Defendants respectfully state as follows:

## MEMORANDUM OF LAW

First, Plaintiff's Motion should be summarily denied because this Court's June 23, 2015 Order dismissed this *action*, rather than just the complaint, without leave to amend and then closed the case that same day. *See* Order p. 4; *see also* Defendants' motion to dismiss, Doc. 15, p. 17 ("Defendants' M2D"); Exhibit A, Docket Sheet. Second, Plaintiff's new action[1] ("Duplicative Action") should be dismissed *sua sponte* because it is barred by the doctrine of *res judicata*.

### I. THIS COURT'S FINAL ORDER PRECLUDED LEAVE TO AMEND

Involuntary dismissals of civil actions, with few exceptions not relevant here, are considered final "adjudications on the merits" unless otherwise stated by the Court. *See* Federal Rules of Civil Procedure ("FRCP") Rule 41(b); *see also Owens v. Kaiser Found. Health Plan*, 244 F.3d 708, 714 (9th Cir. 2001). Even when a motion to dismiss only requests that the *complaint* be dismissed, "[a]n order granting such a motion must be accompanied by leave to amend unless amendment would be futile." *See Knevelbaard Dairies v. Kraft Foods*, 232 F.3d 979, 983 (9th Cir. 2000) ("Dairies") (citing *Lopez v.*

---

[1] *See* Case 2:16-cv-01275-BRO-AFM Filed 02/24/16.

*Smith*, 203 F.3d 1122, 1127 (2000). "Failure to allow leave to amend supports an inference that the district court intended the order to be final." *See Gerrisen v. de la Madrid Hurtado*, 819 F.2d 1511 (9th Cir. 1987). Once a final order is issued denying all relief, the clerk must enter the judgment without awaiting the court's direction. *See* FRCP Rule 58(b)(1).

The Ninth Circuit's decision in *Dairies* is instructive. There, the district court granted defendants' motion to dismiss the complaint. *See Dairies* at 983. The Circuit noted that—contrary to the clear case of finality when a court dismisses an action—an order that simply dismisses a complaint is usually not considered final. *Id*. "However, if it appears that the district court intended the dismissal to dispose of the action, it may be considered final and appealable." *Id*. (internal citations and modifications omitted). The Court noticed that withholding leave to amend demonstrated the district's "determination…that the pleading could not possibly be cured by the allegation of other facts." *Id*. (internal quotations and citations omitted). As such, the district's intent of finality was evinced by its "conclusion that amendment of the complaint would not save the action." *Id*. Finally, the Ninth Circuit turned to the docket sheet where the clerk entered the dismissal order as "terminating case" and used the stamp "JS-6"—indicating to the Administrative Office of the United States Courts that the case was terminated[2]. *Id*.

---

[2] The JS-6 designation "refers to the JS-6 Termination Report that enables the clerk's office to report monthly to the Administrative Office of the U.S. Courts on the number and type of cases the court has terminated. See District Court Clerks Manual § 4.09b." *See Dairies* at 995.

Here, there can be no question that this Court's Order was final and that leave to amend was prudently denied. First, Defendants moved, and this Court granted, dismissal of this *action*, rather than just the complaint. *See* Defendants' M2D p. 17 ("Defendants respectfully request that **this matter** be dismissed…") (emphasis added); *see also* Order p. 4 ("**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss is GRANTED."). This alone demonstrates that "there is nothing further [Plaintiff] can do and the Court must have intended this order to end the case." *See Martinez v. Gomez*, 137 F.3d 1124, 1125 (9th Cir. 1998). Second, like *Dairies*, this Court did not grant Plaintiff leave to amend its complaint—which demonstrates the Court's conclusion that such leave would be fruitless. Plaintiff's Motion points out that it has not requested leave to amend; and indeed Plaintiff chose to stand on its complaint rather than request leave in its response to Defendants' M2D. *See* Motion p. 8; *see also generally* Plaintiff's Opposition to Defendants' M2D, Doc. 16. Unfortunately, that has no effect on this Court's apt decision:

> In dismissing for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.

*See Doe v. U.S.*, 58 F.3d 494 (9th Cir. 1995). It does not matter that Plaintiff did not request leave before this Court's final Order because leave would have been granted in any case if an amendment could have been of use. Instead, no leave was granted when the action was dismissed; the Order was final and Plaintiff cannot now amend.

Defendants' Response in Opposition to
Plaintiff's Motion for Leave to Amend Complaint

4

Third, contrary to Plaintiff's red herring argument that "clerks do not make final judgments," the clerk here merely followed FRCP Rule 58 and in response to the judgment, entered the Order into this case's docket as "terminating case" and reported the case as terminated using the "JS-6" stamp. *See* Motion p. 5; *see also* <u>Exhibit A</u>. The clerk in *Dairies* did the same, and the Ninth Circuit considered the clerk's *understanding* of the judge's intent as persuasive towards its own understanding of that intent—rather than tossing the clerk's actions aside. Finally, Plaintiff contends that the Order could not have been a final order because the word "judgment" does not appear in it "as required by F.R.C.P. 58 and L.R. 58-6." *Id*. Neither FRCP Rule 58 nor Local Rule 58-6 calls for the word "judgment" to appear for a final order to be effective—they are not magic spells that require certain incantations to be effective.

This Court's Order finally disposed of all claims against all parties and left Plaintiff without the opportunity to amend or pursue any other avenue short of appeal—a course it neglected to follow. This Court should deny Plaintiff's Motion for leave.

**II. PLAINTIFF'S DUPLICATIVE SUIT IS BARRED BY *RES JUDICATA***

"A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *See Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) ("Moitie"). *Res judicata* is "central to the purpose for which civil courts have been established, the conclusive resolution of disputes within their jurisdiction." *See In re Schimmels*, 127 F.3d 875, 881 (9th Cir.

1997) ("Schimmels") (internal quotations omitted). To wit, the doctrine "is not a mere matter of practice or procedure…[but] a rule of fundamental and substantial justice, of public policy and of private peace, which should be cordially regarded and enforced by the courts." *See Moitie* at 401 (internal quotations omitted). Further, in the interest of judicial economy, a court may dismiss an action *sua sponte* if it is "on notice that it has previously decided the issue presented." *See Headwaters, Inc. v. U.S. Forest Service*, 382 F.3d 1025, 1028 (9th Cir. 2004) ("Headwaters"). *Res judicata* is shown by establishing "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between the parties." *Id*. at 1029. Here, Plaintiff's Duplicative Action clearly meets each of these elements and should be dismissed *sua sponte* because "[i]t is indisputable that the parties, the nature of the claim and the desired relief [are] precisely the same in the two actions." *See Angel v. Burlington*, 330 U.S. 183, 186 (1947) ("Angel").

Regarding a final judgment on the merits, as discussed *supra*, the instant action was involuntarily dismissed by this Court's final order granting Defendants' M2D. An "involuntary dismissal generally acts as a judgment on the merits for the purposes of *res judicata*, regardless of whether the dismissal results from procedural error or from the court's considered examination of the plaintiff's substantive claims." *See Schimmels* at 884; *see also* FRCP Rule 41(b). Defendant counsel's declaration cites *In re Corey* to note that a dismissal order silent as to prejudice will be presumed to be without prejudice; but that case involved a *voluntary* dismissal controlled by FRCP Rule 41(a)—where

prejudicial effect operates in precisely the opposite manner as an *involuntary* dismissal, like Plaintiff's case, controlled by FRCP Rule 41(b). *See* 892 F.2d 829, 835 (9th Cir. 1989); *see also* Motion Decl. Leichter ¶ 4; FRCP 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any other dismissal not under this rule…operates as an adjudication on the merits."); *Semtex Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) ("'With prejudice is an acceptable form of shorthand for 'an adjudication upon the merits.'"). It is indisputable that the instant case was adjudicated on the merits (i.e. with prejudice).

As to the remaining elements of *res judicata*, identity of claims and privity between the parties, Plaintiff's Motion itself argues that these are satisfied. As Plaintiff states, both the claims and parties are identical between the two actions. *See* Motion p. 7 ("Plaintiff has not added any parties or added or changed claims as to any Defendant."); *see also Angel* at 186 (finding *res judicata* where the complaint in a subsequent action was "for all practical purposes…a carbon copy" of the complaint in the original action.); *Headwaters* at 1029.

Plaintiff's Duplicative Action meets every element of *res judicata* and is a collateral attack on the final order of this Court that should be denied *sua sponte* in the interest of justice and judicial economy.

III. CONCLUSION

For the foregoing reasons, (1) Plaintiff's Motion for leave to amend its complaint should be denied because leave has been foreclosed; and (2) Plaintiff's Duplicative Action should be dismissed *sua sponte* because it is barred by *res judicata*.

Respectfully submitted,

DATED: February 27, 2016          /s/ Linda S. McAleer
                                  Linda S. McAleer
                                  *Attorney for Defendants*