UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-02562-R-PLA | Date | 08-29-19 |
|---|---|---|---|
| Title | *Dolores Press, Inc. v. Patrick Robinson, et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Christine Chung | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:   Attorneys Present for Defendants:

Not Present   Not Present

**Proceedings:**   **(IN CHAMBERS) Order Re: Plaintiff's Application for Entry of Default Judgment (DE 21, 2:18-cv-09077-R-PLA[1])**

## I.   INTRODUCTION

On October 22, 2018, Plaintiff Melissa Scott filed a Complaint against Defendant Anthony Todd, asserting a claim for copyright infringement under 17 U.S.C. § 501. To date, Defendant has failed to file any responsive pleading.

Presently before the Court is Plaintiff's Application for Entry of Default Judgment. For the following reasons, the Court **GRANTS IN PART** Plaintiff's motion.

## II.   FACTUAL BACKGROUND

Plaintiff Melissa Scott is the copyright holder in a series of works authored by the late Dr. Gene Scott, who transmitted Sunday church sermons, a nightly television program, and other religious works by cable, broadcast, and satellite television beginning in the 1970s. Dr. Scott later provided access to his copyrighted works over the internet through his website, www.drgenescott.com. Each of the relevant works is the subject of either a registered copyright or a pending application for registration. Plaintiff alleges that Defendant Anthony Todd has uploaded copies of these works onto various websites and social media platforms without Plaintiff's permission.

---

[1] Civil Action *Melissa Scott v. Anthony Todd*, 2:18-cv-09077-R-PLA, in which the present motion was originally filed, was later consolidated with *Dolores Press, Inc. v. Patrick Robinson, et al.*, 2:15-cv-02562-R-PLA. All citations to the docket in this order refer to the original docket in 2:18-cv-09077-R-PLA unless otherwise specified.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-02562-R-PLA | Date | 08-29-19 |
|---|---|---|---|
| Title | *Dolores Press, Inc. v. Patrick Robinson, et al.* | | |

### III. JUDICIAL STANDARD

It is within a district court's discretion to enter default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). To obtain default judgment, a party must first receive entry of default by the clerk. Fed. R. Civ. P. 55(a). A court may then enter default judgment upon a party's application. Fed. R. Civ. P. 55(b). Under the Local Rules, the party seeking default judgment must note: (a) when and against what party the default was entered; (b) the identification of the pleading to which default was entered; (c) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative; (d) that the Servicemembers Civil Relief Act does not apply; and (e) that notice has been served on the defaulting party if required. C.D. Cal. L.R. 55-1.

The Ninth Circuit has articulated the following factors for district courts to consider in determining whether default judgment should be granted: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1471-72. Here, the *Eitel* factors weigh in favor of granting default judgment.

### IV. DISCUSSION

#### A. Procedural Requirements

Default was entered against Defendant on May 16, 2019. (DE 18). Additionally, Plaintiff filed a declaration satisfying the requirements of Local Rule 55-1.[2] (DE 21). Because Defendant has not appeared personally or by representative, written notice of Plaintiff's application for default judgment is not required under Rule 55(b)(2). Counsel has nevertheless mailed a copy of Plaintiff's application for default judgment to Defendant at his last known address. Thus, Plaintiff has satisfied the procedural requirements necessary for the entry of default judgment.

---

[2] Counsel's declaration does not explicitly identify the pleading to which default was entered, but it is clear from the docket that default was entered as to the complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-02562-R-PLA | Date | 08-29-19 |
|---|---|---|---|
| Title | *Dolores Press, Inc. v. Patrick Robinson, et al.* | | |

### B. *Eitel* Factors

#### 1. Prejudice to the Plaintiff

The first *Eitel* factor, prejudice to the plaintiff, weighs in favor of default judgment here. "Plaintiff[] would suffer prejudice if the default judgment is not entered because Plaintiff[] would be denied the right to judicial resolution of the claims presented, and would be without other recourse for recovery." *Elektra Entm't Grp. v. Crawford*, 226 F.R.D. 388, 392 (C.D. Cal. 2005).

#### 2. Sufficiency and Merits of the Complaint

The second and third *Eitel* factors concern the sufficiency of the complaint and the merits of the plaintiff's substantive claims. A plaintiff must state a claim upon which he may recover in order for a court to grant a motion for a default judgment. *Sony Music Entertainment v. Elias*, 2004 WL 141959 (C.D. Cal. Jan. 20, 2004); *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002). Upon default, the well-pleaded allegations of the complaint relating to liability are taken as true. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987). "On the other hand, a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1078 (C.D. Cal. 2012).

To state a claim for copyright infringement, a plaintiff must allege (1) ownership of a valid copyright in a work and (2) defendant's violation of plaintiff's exclusive rights in that work. 17 U.S.C. § 501(a). To receive increased statutory damages, a plaintiff must also allege that defendant's violation was willful. 17 U.S.C. § 504(c)(2). Finally, as a prerequisite to suit, the infringed work must be registered with the United States Copyright Office prior to instituting the action. 17 U.S.C. § 411(a).

Plaintiff alleges ownership of the copyright in 298 works that were registered with the United States Copyright Office before the filing of the complaint. (*See* DE 1, Ex. A). Plaintiff also alleges that Defendant knowingly violated Plaintiff's rights of reproduction, performance, and distribution, by uploading and posting the copyrighted works on Facebook and other platforms. These allegations are sufficient to state a claim for willful copyright infringement. Plaintiff also alleges ownership of the copyright in 115 works allegedly infringed by Defendant, for which registration applications were pending when this action was instituted. (DE 1, Ex. B). Plaintiff fails to state a claim for infringement with respect to these works, since registration of these works was not made before instituting this action. 17 U.S.C. § 411(a); *see Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 892 (2019) ("'[R]egistration … has been made' within the meaning of 17 U.S.C. § 411(a) not when an application for registration is filed, but when the Register has registered a copyright after examining a properly filed application.") (ellipsis in original).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-02562-R-PLA | Date | 08-29-19 |
|---|---|---|---|
| Title | *Dolores Press, Inc. v. Patrick Robinson, et al.* | | |

The second and third *Eitel* factors thus support entry of default judgment with respect to Plaintiff's claim for infringement of the 298 works listed in Exhibit A to the complaint only.

### 3. The Amount of Money at Stake

The fourth *Eitel* factor "examines the amount of money at stake in relation to the seriousness of a defendant's conduct." *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012). Plaintiff requests $61,200,000 in damages, representing the maximum statutory damages allowable for willful violation of a copyright. Plaintiff also seeks attorneys' fees calculated under L.R. 55-3. In the absence of any showing of actual harm to Plaintiff or profits to Defendant, the request for such a large award would normally weigh against entry of default judgment. *Cf. Elektra Entm't Grp.*, 226 F.R.D. at 393 (finding that a request for the statutory minimum damages weighs in favor of default judgment). However, because the amount of statutory damages to be awarded is discretionary, 17 U.S.C. § 504(c), the Court need not award more than is just under the circumstances. Therefore, the fourth *Eitel* factor favors entry of default judgment.

### 4. The Possibility of Disputes as to Material Facts

As to the fifth factor—the possibility of disputes as to material facts—Defendant has not responded, in any way, to Plaintiff's Complaint. In other words, the facts alleged in the Complaint are deemed to be true, and as they pertain to Defendant, no dispute has been raised. Meanwhile, Plaintiff has put forth evidence supporting a claim for copyright infringement under 17 U.S.C. § 501(a). Therefore, this factor favors entry of default judgment.

### 5. Excusable Neglect

The sixth *Eitel* factor considers whether Defendant's failure to respond could be the result of excusable neglect. This factor favors entry of default judgment "when the defendant has been properly served or the plaintiff demonstrates that the defendant is aware of the lawsuit." *Wecosign*, 845 F. Supp. 2d at 1082.

Here, Defendant was personally served on February 24, 2019. Plaintiff has provided proper proof of service and given such notice and extended period of time, any excusable neglect is highly unlikely. Therefore, this factor supports entry of default judgment.

### 6. Public Policy Favoring Decision on the Merits

The final *Eitel* factor takes into account the strong public policy in favor of deciding cases on the merits. Notwithstanding this strong policy, "a decision on the merits is impracticable, if not impossible,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-02562-R-PLA | Date | 08-29-19 |
|---|---|---|---|
| Title | ***Dolores Press, Inc. v. Patrick Robinson, et al.*** | | |

when the defendant takes no part in the action." *Weeks v. Fresh-Pic Produce Co.*, 2012 WL 1815648, at *4 (S.D. Cal. 2012). Defendant has not responded in any way to this action, making a decision on the merits impractical if not impossible. In this case, the prejudice to Plaintiff in the absence of default judgment outweighs the policy favoring decisions on the merits. Therefore, the final *Eitel* factor supports entry of default judgement.

    **C.**    <u>**Remedies**</u>

        **1.**    <u>**Injunctive Relief**</u>

Having met the *Eitel* factors, Plaintiff is entitled to entry of default judgment. In addition, Plaintiff requests injunctive relief, statutory damages, and attorneys' fees. The Copyright Act provides that copyright infringement may be enjoined. 17 U.S.C. § 502(a). An injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A party is entitled to injunctive relief upon a showing: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). This four-part test applies equally to copyright cases. *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 518 F. Supp. 2d 1197, 1209 (C.D. Cal. 2007).

Plaintiff's request for an injunction fails for three reasons. First, Plaintiff provides nothing more than conclusory assertions of irreparable injury, which is insufficient to sustain a request for an injunction. *Flexible Lifeline Sys., Inc. v. Precision Lift, Inc.*, 654 F.3d 989, 998 (9th Cir. 2011) ("[E]ven in a copyright infringement case, the plaintiff must demonstrate a likelihood of irreparable harm as a prerequisite for injunctive relief, whether preliminary or permanent.").

Second, Plaintiff has provided no evidence of ongoing infringement by Defendant, providing only unsworn speculation that "Todd likely continues to infringe [Plaintiff's] works elsewhere on the internet without [Plaintiff's] knowledge." (DE 21). It is therefore not apparent that an injunction is necessary "to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a).

Third, the terms of the injunction now sought by Plaintiff materially differ from those requested in the complaint. The complaint demanded an injunction requiring Defendant to "*destroy* all copies of Plaintiff's Works that Defendant[] ha[s] downloaded onto any computer hard drive or server without Plaintiff's authorization." (DE 1 at 15 (emphasis added)). In contrast, Plaintiff now seeks an injunction requiring Defendant to "*preserve* all copies of Plaintiff's Works that [Defendant] has downloaded onto any computer hard drive, server, or other device without Plaintiff's authorization … so that they can be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-02562-R-PLA | Date | 08-29-19 |
|---|---|---|---|
| Title | *Dolores Press, Inc. v. Patrick Robinson, et al.* | | |

used as evidence in other proceedings." (DE 21 at 11 (emphasis added)). In requesting an injunction that requires the opposite of Defendant from what was requested in the complaint, Plaintiff seeks a default judgment that "differ[s] in kind from … what is demanded in the pleadings," which is expressly prohibited under Rule 54(c).

Plaintiff's request for injunctive relief is therefore denied.

**D.    Statutory Damages and Attorneys' fees**

Under the Copyright Act, "the copyright owner may elect … to recover, instead of actual damages and profits, an award of statutory damages for all infringement involved in the action, with respect to any one work … in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). In the case of willful infringement, "the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2). "Because awards of statutory damages serve both compensatory and punitive purposes, a plaintiff may recover statutory damages whether or not there is adequate evidence of the actual damages suffered by plaintiff or of the profits reaped by defendant, in order to sanction and vindicate the statutory policy of discouraging infringement." *Los Angeles News Serv. v. Reuters Television Int'l, Ltd.*, 149 F.3d 987, 996 (9th Cir. 1998), *as amended on denial of reh'g and reh'g en banc* (Aug. 25, 1998) (internal citations, quotations omitted).

Here, Plaintiff seeks an award of statutory damages in lieu of actual damages pursuant to § 504(c). Plaintiff requests that the Court exercise its discretion to award the maximum statutory damages of $150,000 for each infringed work. With 298 infringed works registered before the commencement of this suit, Plaintiff's request would result in an award of $44,700,000. Plaintiff has not proffered any convincing reason why such an enormous award is warranted in this case. Here, awarding even the minimum statutory damages of $750 per work would result in a substantial award of $223,500. Although proof of Plaintiff's damages or Defendant's profits is not required to recover statutory damages, the Court has no basis in this case to conclude that an award greater than $223,500 is necessary to serve § 504(c)'s "compensatory and punitive purposes." *Los Angeles News Serv.*, 149 F.3d at 996. The Court finds an award of $223,500 to be just and declines to exercise its discretion to award a greater amount.

**E.    Attorneys' fees**

Finally, Plaintiff seeks attorneys' fees. The Copyright Act permits a prevailing party to recover full costs, including reasonable attorneys' fees. 17 U.S.C. § 505. In light of Plaintiff's failure to defend in this action or provide any other excuse for the copyright infringement at issue, the Court finds such an award appropriate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-02562-R-PLA | Date | 08-29-19 |
|---|---|---|---|
| Title | *Dolores Press, Inc. v. Patrick Robinson, et al.* | | |

    In determining the amount of a reasonable attorney's fee, Courts normally apply the "lodestar method," under which the party seeking to recover fees bears the burden of submitting evidence to justify the fees claimed. *Carson v. Billings Police Dep't*, 470 F.3d 889, 891 (9th Cir. 2006). However, this district's Local Rule 55-3 "gives lawyers who obtain default judgments … the option of recovering a set amount without going through the hassle of submitting records." *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1160 (9th Cir. 2018). Plaintiff has chosen the latter option and relies only on the fee schedule set forth in L.R. 55-3.

    For a damage award exceeding $100,000, this rule provides for an award of attorneys' fees equal to $5,600 plus 2% of the amount of damages over $100,000. Cal. C.D. L.R. 55-3. Accordingly, for an award of $223,500, the corresponding award of attorneys' fees equals $8,070. Taking into account its "overall sense of [the] suit," *Fox v. Vice*, 563 U.S. 826, 838 (2011), the Court finds this to be a reasonable fee and will therefore award Plaintiff $8,070 in attorneys' fees.

**V.    CONCLUSION**

    In light of the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Application for Entry of Default Judgment. (DE 21). Judgment will be entered in favor of Plaintiff as follows: statutory damages of $223,500 and attorneys' fees of $8,070. However, Plaintiff's request for a permanent injunction is **DENIED**.

    **IT IS SO ORDERED.**

|  | 0 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | cch |