# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:15-cv-02562-R-PLA | Date | 11-08-2019 |
| Title | *Dolores Press, Inc. v. Patrick Robinson, et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Christine Chung | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order re: Plaintiff Melissa Scott's Motion for Reconsideration (DE 82)

## I. INTRODUCTION

On July 8, 2019, Plaintiff Melissa Scott ("Plaintiff") filed a Motion for Default Judgment against Defendant Anthony Todd ("Defendant" or "Todd"). The Motion was granted in part, with the Court denying Plaintiff's request for a permanent injunction, and Judgment was entered against Defendant on August 30, 2019. Plaintiff now moves for reconsideration of the Court's denial of a permanent injunction. For the following reasons, the Court **GRANTS** the Motion.

## II. JUDICIAL STANDARD

Under Local Rule 7-18, a "motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision."

Plaintiff's Motion may also be considered as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), which provides only that any such motion "must be filed no later than 28 days after the entry of the judgment." Plaintiff met that deadline here.

## III. DISCUSSION

This Court's August 30, 2019 Order Granting in Part Plaintiff's Motion for Default Judgment denied Plaintiff's request for a permanent injunction on the following grounds: (1) Plaintiff's assertion of irreparable injury was unsupported except by conclusory statements; (2) Plaintiff's claim that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-02562-R-PLA | Date | 11-08-2019 |
|---|---|---|---|
| Title | *Dolores Press, Inc. v. Patrick Robinson, et al.* | | |

Defendant was actively infringing or likely to continue infringing Plaintiff's copyrighted works was likewise unsupported except by unsworn speculation; and (3) the terms of the injunction sought by Plaintiff's motion materially differed from the injunctive relief sought in the Complaint. While Plaintiff presented a case of past infringement by Defendant that was sufficient to obtain partial default judgment against him on her infringement claim, she lacked sufficient evidence of active or ongoing infringement to show that she was entitled to a permanent injunction at that time.

Now, Plaintiff argues that the Court should reconsider its denial of a permanent injunction based on evidence of Defendant's ongoing infringement and threats of future infringement that became available only after Plaintiff filed her motion for default judgment. Specifically, Plaintiff has presented evidence that Defendant has posted several times since July 14, 2019 on a Facebook page titled "Gene Scott Tribute" ("GST Facebook page") and a Google Group titled "alt.fan.gene-scott."

Defendant appears to be the creator and/or a primary user of the GST Facebook page, as evidenced by an August 1, 2019 post in which the poster identified himself as "Anthony Todd." The same message appears in an August 1, 2019 post by the user "No One Special" on the "alt.fan.gene-scott" Google Group. Moreover, Defendant's involvement with both of these online groups is further supported by the findings of Plaintiff's hired computer forensics expert consultant, Peter Garza. Mr. Garza was able to track multiple Internet Protocol ("IP") addresses used by No One Special on the "alt.fan.gene-scott" Google Group to Torrance, California. According to the Proof of Service filed by Plaintiff, Defendant was served with the Summons and Complaint at his business address of 18015 Prairie Ave, Torrance, CA 90405. Furthermore, Mr. Garza discovered that the header information in the posts made by No One Special contained the email address "theadvancedmarketinggroup@gmail.com." Advanced Marketing Group is a business entity of which Anthony Todd claims to be the owner and president on Todd's current LinkedIn page at "https://www.linkedin.com/in/anthonyterrencetodd/." Mr. Garza further discovered that the "theadvancedmarketinggroup@gmail.com" email address is or was associated with Advanced Marketing Group and with "meetanthonytodd.com," another website linked to Todd's LinkedIn page.

The relevant posts include: (1) a video posted July 14, 2019 by the GST Facebook page in which Patrick Robinson, another defendant in these consolidated cases, criticizes Plaintiff and suggests that the defendants will continue sharing the copyrighted works; (2) an August 6, 2019 text post by the GST Facebook page which promotes a collection of bit torrent files prepared by a follower of Dr. Scott as "a strategy to safeguard against anyone, including [Plaintiff] from trying to stop the free distribution" of the copyrighted works and encouraging the free sharing of the works "by whatever means at your disposal"; (3) an August 30, 2019 text post by the GST Facebook page which attacks Plaintiff and mischaracterizes portions of the Ninth Circuit's order reversing certain dispositive orders by this Court and remanding the now-consolidated cases back to this Court; and (4) a text post made by the GST Facebook page on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-02562-R-PLA | Date | 11-08-2019 |
|---|---|---|---|
| Title | *Dolores Press, Inc. v. Patrick Robinson, et al.* | | |

August 31, 2019, one day after this Court's order granting default judgment against Defendant, which states that Plaintiff "will never stop Dr. Gene Scott's teachings from being shared freely all over the world until Jesus Christ returns."

Taken together, these posts and the various others identified by Plaintiff and Mr. Garza establish "a material difference in fact" and "emergence of new material facts" which were not presented to the Court at the time Plaintiff's request for a permanent injunction was denied and which could not have been known to Plaintiff because the posts had not yet been made at that time. A party is entitled to injunctive relief upon a showing: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

Plaintiff's request for an injunction was denied because she failed to present facts showing the first element, that she has suffered an irreparable injury, and also because the terms of her requested injunction differed materially from what was sought in the Complaint. The irreparable injury element is now met by evidence that has recently come to light and which Plaintiff has presented to the Court through this Motion. It is apparent from Defendant's online activity that he has continued to actively collect and disseminate the copyrighted works online or at the very least has been encouraging others to do so. Plaintiff has presented sufficient evidence to show that, as a result of this activity, Plaintiff has suffered and will likely continue to suffer an irreparable injury. Moreover, Defendant's defiant post on the GST Facebook page one day after default judgment was entered against him suggests that the monetary judgment against him will be inadequate to compensate Plaintiff for her injury or to discourage Defendant from continuing to infringe the copyrighted works; thus, injunctive relief appears to be necessary.

Finally, Plaintiff has corrected the material inconsistency between her requested injunctive relief and that sought in the Complaint. As reflected in the Proposed Amended Judgment filed concurrently with this Motion, Plaintiff now requests the same relief sought in the Complaint, with the minor exception of the opening clause to Paragraph 2, which requires Defendant to "provid[e] [Plaintiff] with one electronic copy of all of DR.SCOTT'S WORKS that are in his possession, custody or control." This portion of the Proposed Amended Judgment will be stricken so that the Amended Judgment remains consistent with the relief sought in the Complaint.

In sum, Plaintiff has corrected the deficiencies which led to this Court's denial of her request for a permanent injunction, and she has established that she is now entitled to such relief.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:15-cv-02562-R-PLA | Date | 11-08-2019 |
|---|---|---|---|
| Title | *Dolores Press, Inc. v. Patrick Robinson, et al.* | | |

**IV.   CONCLUSION**

In light of the foregoing, the Court **GRANTS** Plaintiff Melissa Scott's Motion for Reconsideration. (DE 82).

**IT IS SO ORDERED.**

                                                                   Initials of Deputy Clerk    CCH