UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-02562-R-PLA | Date | November 14, 2019 |
|---|---|---|---|
| Title | *Dolores Press, Inc. v. Label Lane International, Inc. et al.* | | |

Present: The Honorable   R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE

| Christine Chung | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants:

Not Present    Not Present

**Proceedings:**   **(IN CHAMBERS) Order Re: Defendants' Motion to Dismiss (DE 87-89, 91) Plaintiffs' Voluntary Dismissal (DE 90)**

On October 17, 2019, defendants Patrick Robinson, Doc's Dream LLC, and Truth Seekers, Inc. ("Defendants") filed a Motion to Dismiss against plaintiffs Dolores Press, Inc. and Melissa Scott ("Plaintiffs") (DE 87). On October 18, 2019, Defendants filed a nearly identical Motion to Dismiss against Plaintiffs with respect to a nearly identical complaint filed by Plaintiffs. (DE 89). Also on October 17, 2019, Defendants filed a separate Motion to Dismiss (DE 88) asking that the Court dismiss Case No.: 2:15-cv-02857-R(PLAx) with prejudice due to Plaintiffs' failure to amend or dismiss that case in compliance with the Court's October 3, 2019 Order. Finally, on October 19, 2019, Defendant Bobbi Jones ("Defendant Jones") filed a Motion to Dismiss. (DE 91). The Court collectively refers to these motions (DE 87-89 and 91) as the "Motions to Dismiss." The Motions to Dismiss have since been fully briefed.

On October 18, 2019, Plaintiffs filed a Request for Voluntary Dismissal pursuant to Federal Rule of Civil Procedure 41, voluntarily dismissing without prejudice their counterclaim and third-party claims in case No. 2:15-cv-02857 (DE 90).[1]

For the following reasons, the Court **DENIES** the Motions to Dismiss.

Under Local Rule 7–3, "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." C.D. Cal. R. 7–3. "If the parties are unable to reach a resolution which eliminates the necessity for a hearing, counsel for the moving party shall include in the notice of motion a statement to the following effect: 'This motion is made following the conference of counsel pursuant to L.R. 7-3

---

[1] Consistent with that voluntary dismissal and Federal Rule of Civil Procedure 41, Plaintiffs' counterclaim and third-party claims in that matter are hereby **DISMISSED WITHOUT PREJUDICE**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-02562-R-PLA | Date | November 14, 2019 |
|---|---|---|---|
| Title | *Dolores Press, Inc. v. Label Lane International, Inc. et al.* | | |

which took place on (date).'" *Id.* A district court has discretion to deny a motion that fails to comply with the Local Rules. *United States v. Kan-Di-Ki LLC*, No. CV 10-965, 2013 WL 12147597, at *1 (C.D. Cal. Mar. 21, 2013) (citing *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) ("The district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing.")).

In addition to seeking dismissal, Defendants attach redlined complaints purporting to show that Plaintiffs are "wantonly and maliciously" flaunting Court orders by needlessly harassing Defendants with duplicative claims this Court has already adjudicated. Plaintiffs likewise accuse Defendants, stating that the Motions to Dismiss are a "blatant disregard and violation of a Court Order" which make "frivolous arguments" to mislead the Court and prevent answering. Plaintiffs further ask this Court to strike the Motions to Dismiss entirely—without reaching the merits—because they re-assert arguments that have been or could have been raised before these cases were remanded. *See* October 3, 2019 Order (DE 83) ("Therefore, the Court denies Defendants' requests to dismiss or amend the complaint on that basis and all other basis which were raised in prior motions to dismiss or which could have been previously raised prior to the Ninth Circuit's order remanding the cases to this Court."). Defendants respond, in part, by calling Plaintiffs "patently sloppy" and attaching email correspondence (and detailing that correspondence at some length) in an attempt to show the Court that Plaintiffs' pleading is deficient and that their complaints should be dismissed with prejudice.

As the parties' briefing makes clear, neither Defendants nor Defendant Jones made any effort to comply with Local Rule 7-3 before filing the Motions to Dismiss. As an initial matter, the Motions to Dismiss lack the meet and confer certification required under Local Rule 7-3, and a review of all exhibits and reply briefs reveal that Defendants and Defendant Jones have set forth no evidence that the parties sufficiently conferred regarding the numerous issues raised in the Motions to Dismiss, including the scope and impact of this Court's October 3, 2019 Order on the parties' dispositive briefing. Indeed, the Motions to Dismiss themselves show that many of the parties' disputes were suitable for exactly the type of extensive meet and confer mandated by Local Rule 7-3. *See, e.g.,* Defendants' Reply (DE 96) at p. 3 ("To avoid further motion practice regarding typos, Defendants are willing to stipulate as to what these [Registration] numbers should be, assuming Plaintiffs agree—said stipulation would then be filed with this Court correcting the errata."). Defendants' passing mention in their reply brief of conferring with counsel regarding these cases does not satisfy the requirement to "contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution," nor does the length and contentiousness of this case excuse the parties' obligations to comply with Local Rule 7-3 to narrow or resolve their disputes in good faith before seeking Court intervention. C.D. Cal. R. 7–3. The parties' mutual accusations, Defendants' request for this Court to issue sanctions *sua sponte*, and the existence of issues proper for informal resolution as made manifest in the parties' briefing lead this Court to conclude that the parties have failed to comply with both the spirit and letter of Local Rule 7-3,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-02562-R-PLA | Date | November 14, 2019 |
|---|---|---|---|
| Title | *Dolores Press, Inc. v. Label Lane International, Inc. et al.* | | |

warranting denial of the Motions to Dismiss. *Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993) ("A determination of compliance with local rules is reviewed under an abuse of discretion standard.") (citing *Yagman v. Republic Ins.*, 987 F.2d 622, 630 (9th Cir. 1993))).

For these reasons, the Motions to Dismiss (DE 87-89 and 91) are **DENIED**.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | CCH |