# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 15-02562 PA (PLAx) | Date | August 17, 2020 |
| Title | Dolores Press, et al. v. Patrick Robinson, et al. | | |

Present: The Honorable   PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| T. Jackson | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS ORDER

      The Court has before it plaintiffs Dolores Press Inc. and Melissa Robinson's ("Plaintiffs") Motion for Order Modifying the Scheduling Order by 90 Days. (Dkt. No. 174 ("Motion").) Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for August 24, 2020, is vacated, and the matter taken off calendar.

      On March 2, 2020 the Court issued its scheduling order setting the discovery cutoff in this case as August 10, 2020, the motion cut-off date as August 17, 2020, and the jury trial to begin on October 20, 2020. (Dkt. No. 129.) Plaintiffs filed their Motion for a continuance on July 24, 2020 with a hearing date of August 24, 2020 after both the discovery and motion cutoff.

      Plaintiffs' Motion states that the primary reason Plaintiffs seek a 90-day modification of the scheduling order is due to the "impact of the Covid-19 pandemic." (Mot. at 1.) Plaintiffs claim the magistrate judge "stayed all deposition in this action for that very reason." (Id. (citing Dkt. No. 134.) In addition, Plaintiffs claim they "suffered prejudice that is unique to them and that supports the requested continuance." (Id. at 2.) Plaintiffs state their "efforts to obtain written discovery have resulted in deficient responses that must be addressed in discovery motions before the assigned magistrate judge." (Id.) In addition, Plaintiffs claim there is "also, the fact that, due to an inadvertent error on the Court's part, in the Court's January 30, 2020 order to show cause, the Court sua sponte dismissed Defendants Michael Evans and Tina Pereida from the action," which "made it impossible for Plaintiffs to propound discovery on them." (Id. (citing Dkt. No. 115).)

      Under Federal Rule of Civil Procedure 16(b), "[a] schedule may be modified only for good cause." "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Id. (citing Fed. R. Civ. P. 16 advisory committee's notes). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Id. "The decision to grant or deny a requested continuance lies within the broad discretion of the district court." United States v. Flynt, 756 F.2d 1352, 1359 (9th Cir. 1985). "If the moving party fails to demonstrate diligence, the inquiry should end.'" Sharp v. Covenant Care LLC, 288 F.R.D. 465, 467 (S.D. Cal. 2012) (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)). For example, "good cause

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-02562 PA (PLAx) | Date | August 17, 2020 |
|---|---|---|---|
| Title | Dolores Press, et al. v. Patrick Robinson, et al. | | |

may be found where the moving party shows it assisted the court with creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters not reasonably foreseen at the time the scheduling order issued, and that it was diligent in seeking a modification once it became apparent it could not comply with the scheduling order." Id.

In this case, the Court finds Plaintiffs have failed to demonstrate they have been diligent in prosecuting this action. First, the magistrate judge did not stay all depositions in this case due to the Covid-19 pandemic. In response to Plaintiff's Motion For Protective Order Staying The Taking Of Depositions Until It Is Safe To Do So, the magistrate judge's April 23, 2020 Order **denied** Plaintiffs' Motion. The magistrate judge ordered the parties to "work together and cooperatively in good faith . . . to resolve the issues raised in the Motion without the further need for Court intervention." The magistrate judge then stayed any depositions that were "currently noticed." (Dkt. No. 134.) The magistrate judge's order did not prevent the parties from noticing any depositions until the pandemic is over, as Plaintiffs suggest. Instead, the magistrate judge ordered the parties to work together to come up with a plan for safely noticing depositions.

In the almost four months since the magistrate judge's Order, the parties could have worked together to properly notice the remaining depositions within the Court ordered deadlines. For example, attorneys for the parties could have met and conferred telephonically to arrange deposition dates, prepared witnesses by video or telephonically, and taken the deponents' depositions by video or telephonically. The parties' failure to do anything to move discovery along in the four months since the magistrate judge's order demonstrate that the parties have not been diligent in prosecuting this case.[1] See Irving v. County of Sacramento, 231 Fed. Appx. 584, 585 (9th Cir. 2007) (finding district court did not abuse its discretion in failing to modify the scheduling order where the plaintiffs did not file their motion for an extension of time until after the deadline passed and did not demonstrate diligence in attempting to comply with scheduling order).

Next, Plaintiffs state that "due to an inadvertent error on the Court's part, . . . the Court sua sponte dismissed Defendants Michael Evans and Tina Pereida from the action," which prevented Plaintiffs from being able to propound discovery on these individuals. The Court issued its order dismissing Michael Evans and Tina Pereida from this case almost 8 months ago on January 30, 2020. (Dkt. No. 115.) Plaintiffs' failure to timely move the Court to reconsider its order does not demonstrate that plaintiffs have been diligent in prosecuting this case.

Finally, while the Court recognizes the unprecedented nature of the Covid-19 pandemic and the challenges it creates, the Court concludes that the parties have not shown the required diligence to justify

---

[1] The same goes for Plaintiffs' failure to move to obtain sufficient written discovery responses prior to the close of the discovery deadline. It is not clear to the Court when Plaintiffs received these allegedly deficient discovery deadlines, but despite the passage of the deadline in which to do so, Plaintiffs have not moved for a discovery order from the magistrate judge.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-02562 PA (PLAx) | Date | August 17, 2020 |
|---|---|---|---|
| Title | Dolores Press, et al. v. Patrick Robinson, et al. | | |

the enormity of the modification of the Scheduling Order requested by Plaintiffs. Accordingly, the Plaintiffs' motion is denied.

    For the reasons stated above, the Court denies Plaintiffs' Motion to modify the scheduling order.

    IT IS SO ORDERED.