UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-02562 PA(PLAx) | Date | February 23, 2021 |
|---|---|---|---|
| Title | Dolores Press, Inc. v. Patrick Robinson, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| G. Garcia | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     **IN CHAMBERS - COURT ORDER**

    Before the Court is a Motion for Default Judgment of Defendants Patrick Robinson, Truth Seekers Inc., and Doc's Dream LLC ("Defendants") filed by Plaintiffs Dolores Press, Inc. and Melissa Scott ("Plaintiffs").  (Dkt. No. 225.)  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument.  The hearing calendared for March 8, 2021 at 1:30 p.m., is vacated, and the matter taken off calendar.

**I.     BACKGROUND**

    Plaintiff Melissa Scott is the copyright holder of a series of works authored by the late Dr. Gene Scott, who transmitted Sunday church sermons, a nightly television program, and other religious works by cable, broadcast and satellite television beginning in the 1970s.  Dr. Gene Scott later provided access to his copyrighted works over the internet through his own website.  Each of the relevant works is the subject of a registered copyright.

    After Dr. Scott's death, Plaintiff Melissa Scott inherited Dr. Scott's copyrighted works.  Defendants subsequently launched a competing ministry, and began distributing versions of Dr. Scott's copyrighted work.  Defendant Robinson initially wrote to plaintiff Melissa Scott to seek permission to utilize 391 copies of Dr. Scott's works.  When Melissa Scott declined, Robinson uploaded copies of these works to the internet through his website, Doc's Dream.  At the same time that he formed Doc's Dream, Robinson also formed Truth Seekers to "house the funds" that he raised from various contributions through the online videos he posted.

    On July 16, 2020, the clerk entered default against defendants Doc's Dream LLC and Truth Seekers Inc..  (Dkt. No. 173.)  On December 21, 2020, defendant Robinson asked the Court to strike his answer and enter his default.  (Dkt. No. 216.)  The clerk entered defendant Robinson's default on January 19, 2021.  (Dkt. No. 221.)  Plaintiffs now ask the Court to award $58,650,000.00 in statutory damages against Defendants, as well as $1,178,600 in attorneys' fees pursuant to Local Rule 55-3.  In addition Plaintiffs ask the Court to grant a "permanent injunction barring Defendants' present and future use, copying, pirating, and distribution of the copyrighted works without Plaintiffs' express written permission."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-02562 PA(PLAx) | Date | February 23, 2021 |
|---|---|---|---|
| Title | Dolores Press, Inc. v. Patrick Robinson, et al. | | |

**II.     Legal Standard**

     Federal Rule of Civil Procedure 55(b)(2) grants the Court the power to enter a default judgment. The Court need not make detailed findings of fact in the event of a default judgment. Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1414 (9th Cir. 1990).  The general rule is that upon entry of a default, well-pleaded allegations in the complaint regarding liability are deemed true. Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977).  Factors the Court should consider in evaluating a motion for entry of default judgment include: "(1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

**III.    Discussion**

     **A.    Liability**

     Here, the Court finds that the Eitel factors weigh in favor of granting Plaintiffs' Motion.  In light of the clerk's entry of default judgment as to all three Defendants, Plaintiffs' interest in an efficient resolution of the case outweighs Defendants' interest in adjudication on the merits. See PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) ("Defendant's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible.  Under Fed. R. Civ. P 55(a), termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action.").  Thus, the Court finds Plaintiffs are entitled to default judgment.

     **B.    Remedies**

     While allegations in a complaint regarding liability are deemed admitted, allegations regarding damages are not. Geddes, 559 F.2d at 560.  Rather, unliquidated damages must be supported by admissible evidence. Pope v. United States, 323 U.S. 1, 12 (1944) ("It is familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by commutation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly."); see also Penpower Tech Ltd. v. S.P.C. Tech., 627 F. Supp. 2d 1083, 1093-94 (N.D. Cal. 2008) ("Although the Court must generally accept the factual allegations of the Complaint as true, allegations relating to the amount of damages must be supported by some evidence.").  Here, Plaintiffs request statutory damages, injunctive relief, and attorneys' fees.

          **1.    Statutory Damages**

     Under the Copyright Act, "the copyright owner may elect . . . to recover, instead of actual damages and profits, an award of statutory damages for all infringement involved in the action, with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-02562 PA(PLAx) | Date | February 23, 2021 |
|---|---|---|---|
| Title | Dolores Press, Inc. v. Patrick Robinson, et al. | | |

respect to any one work . . . in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). In the case of willful infringement, "the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2). "Because awards of statutory damages serve both compensatory and punitive purposes, a plaintiff may recover statutory damage whether or not there is adequate evidence of the actual damages suffered by plaintiff or of the profits reaped by defendants, in order to sanction and vindicate the statutory policy of discouraging infringement." Los Angeles News Serv. v. Reuters Television Int'l, Ltd., 149 F.3d 987, 996 (9th Cir. 1998).

Here, Plaintiffs seeks an award of statutory damages in lieu of actual damages pursuant to § 504(c). Plaintiffs request that the Court exercise its discretion to award the maximum statutory damages of $150,000 for each infringed work. With 391 infringed works registered before the commencement of this suit, Plaintiffs' request results in $58,650,000. Plaintiffs have not proffered any convincing reason why such an enormous award is warranted in this case. Here, even the minimum statutory damages of $750 per work would result in a substantial award of $293,250. Although proof of Plaintiffs' damages or Defendant's profits is not required to recover statutory damages, the Court has no basis in this case to conclude that an award greater than $293,250 is necessary to serve § 504(c)'s compensatory and punitive purposes." Los Angeles News Serv., 149 F.3d at 996. The Court therefore finds an award of $293,250 to be just and declines to exercise its jurisdiction to award a greater amount.

**2.    Injunctive Relief**

Plaintiffs also seek injunctive relief. Under the Copyright Act, a court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). The Court concludes that the equitable factors support the issuance of permanent injunctive relief. The Court will therefore issue a permanent injunction enjoining Defendants from distributing, copying, reproducing, and creating derivatives of any of Dr. Gene Scott's copyrighted works.

**3.    Attorney Fees**

Finally, Plaintiffs seek attorneys' fees. The Copyright Act permits a prevailing party to recover full costs, including reasonable attorney fees. 17 U.S.C. § 505. The Court finds such an award appropriate here.

In determining the amount of a reasonable attorney fee, Courts normally apply the "lodestar method," under which a party seeking to recover fees bears the burden of submitting evidence to justify the fees claimed. Carson v. Billings Police Dep't, 470 F.3d 889, 891 (9th Cir. 2006). However, this district's Local Rule 55-3 "gives lawyers who obtain default judgments . . . the option of recovering a set amount without going through the hassle of submitting records." Vogel v. Harbor Plaza Ctr., LLC, 893

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-02562 PA(PLAx) | Date | February 23, 2021 |
|---|---|---|---|
| Title | Dolores Press, Inc. v. Patrick Robinson, et al. | | |

F.3d 1152, 1160 (9th Cir. 2018).  Plaintiffs have chosen the latter option and rely only on the fee schedule set forth in L.R. 55-3.

For a damage award exceeding $100,000, this rule provides for an award of attorneys' fees equal to $5,600 plus 2% of the amount of damages over $100,000.  L.R. 55-3.  Accordingly, for an award of $293,250, the corresponding award of attorneys' fees equals $9,465.  Taking into account the "overall sense of [this] suit," the Court finds this to be a reasonable fee and will therefore award Plaintiffs $9,465 in attorneys' fees.  Fox v. Vice, 563 U.S. 826, 828 (2011).

**CONCLUSION**

For the foregoing reasons, Plaintiffs' Application for Default Judgment is granted in part.  Plaintiffs are awarded statutory damages of $293,250, attorneys' fees of $9,465, and a permanent injunction prohibiting Defendants from distributing, copying, reproducing, and creating derivatives of any of Dr. Gene Scott's copyrighted works.  The Court will issue a judgment consistent with this Order.

IT IS SO ORDERED.